UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARRELL L. REED | * | |
| Plaintiff | * | CIVIL ACTION NO. |
| | * | |
| v. | * | SECTION " " |
| | * | |
| BP, PLC; BP PRODUCTS NORTH | * | DIVISION |
| AMERICA, INC.; BP AMERICA, INC.; | * | |
| HALLIBURTON ENERGY SERVICES, | * | JUDGE |
| INC.; CAMERON INTERNATIONAL | * | |
| CORPORATION f/k/a COOPER | * | MAGISTRATE JUDGE |
| CAMERON CORPORATION; | * | |
| WEATHERFORD INTERNATIONAL, | * | |
| INC., AND/OR WEATHERFORD | * | |
| INTERNATIONAL LTD., ANADARKO | * | |
| PETROLEUM CORP.; MOEX | * | |
| OFFSHORE 2007 LLC; AND ART | * | |
| CATERING, | * | |
| Defendants. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446; and 43 U.S.C. §1331, *et seq.,* Defendant Cameron International Corporation a/k/a Cameron Systems Corporation (hereafter "Cameron"), hereby gives notice and removes this case to the United States District Court for the Eastern District of Louisiana.

- 1 -

Cameron respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background And Applicable Procedural Requirements.**

1.      Cameron is named a defendant in the matter styled *Darrell L. Reed  v. BP, PLC, et al*, pending in the 25th Judicial District Court for the Parish of Plaquemines, Division "B," and bearing the case number 58-201 ("State Court Action").  A copy of the petition in the State Court Action is attached to this Notice as Exhibit A ("Plaintiff's Petition").

2.      Plaintiff commenced this action by filing his lawsuit in the Parish of Plaquemines on October 8, 2010.

3.      Cameron was served with process through its agent for service of process on October 13, 2010.

4.      This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b).

**The Outer Continental Shelf Land Act Provides A Basis For Removal.**

5.      This case is removable to this Court under the jurisdictional grant set forth in the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.*

6.      This case arises out of damages caused by the April 20, 2010, sinking of the Deepwater Horizon rig.  (Plaintiff's Petition, ¶¶ 7 - 8.)  Cases in federal court arising out of this incident have been transferred to Section "J" of this Court and consolidated as a part of a multidistrict litigation.

7.      The jurisdiction grant under OCSLA provides that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection

1035884v.1

with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

8.      OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q).  "Exploration" is the "process of searching for minerals, including ... (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. 1331(k), (l).

9.      The State Court Action arises out of, and has a connection with, an operation that was conducted on the outer continental shelf within the meaning of 43 U.S.C. § 1331(a) and § 1301(a), and that "involves exploration, development, or the production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

10.     Plaintiff's Petition alleges facts that arise out of the Deepwater Horizon explosion and oil spill, which would not have occurred but for the operations of the Deepwater Horizon on the outer continental shelf.  Plaintiff's Petition, at ¶¶ 7-8.

11.     More specifically, the spill occurred on a federal mineral lease held by BP and granted by the U.S. Minerals Management Service ("MMS") that allows BP to drill for oil and perform oil-production-related operations at the Macondo site in Mississippi Canyon Block 252 section of the outer continental shelf in the Gulf of Mexico.  That lease is situated wholly on submerged lands on the Outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a).  The submerged lands covered by the lease lie seaward and outside the area of lands beneath

1035884v.1

navigable waters as defined in 43 U.S.C. § 1301.  The lease covers submerged lands of which the

subsoil and seabed appertain to the United States and are subject to its jurisdiction and control.

12.     Judge Carl Barbier, presiding over the Deepwater Horizon multidistrict

litigation, has declared in an Order that the federal courts have original jurisdiction over the

litigation that arises out of the Deepwater Horizon incident pursuant to OCSLA's jurisdictional

grant, regardless of whether allegations under OCSLA are specifically raised in the petition.  *See*

43 U.S.C. § 1349(b)(1); *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of*

*Mexico, on April 20, 2010*, 10-MD-2179, R. Doc. 470, "Order," p. 8.

13.     This Court therefore has original subject matter jurisdiction under 43

U.S.C. § 1349(b)(1), as previously recognized by Judge Barbier of this Court.

14.     Moreover, OCSLA provides an independent basis for removal

notwithstanding the Petition's reference to Jones Act claims against Art Catering.  A claimant

can not simply invoke the Jones Act and shield his petition from removal, as a fraudulently

pleaded Jones Act claim does not bar removal.  A defendant therefore may pierce the Jones Act

claim.  The fact that Jones Act claims are ordinarily not removable does not prevent this inquiry.

*See Mosquitto v. Conn. Specialty Ins. Co*., 1009 WL 714860 (E.D. La. 1997); *Bourque v.*

*Chevron USA, Inc*., 2003 WL 21276356 (E.D. La. 6/2/03); *see also Lackey v. Atlantic Richfield*

*Co*., 990 F.2d 202, 207 (5th Cir. 1993) ("defendants are permitted to demonstrate that [Jones

Act] parties-or claims-are baseless in law and in fact and 'serve[ ] only to frustrate federal

jurisdiction.'")

15.     Because – as discussed further below – the Plaintiff's Jones Act claims are

baseless in law and fact, Plaintiff's assertion of a Jones Act claim against Art Catering cannot

frustrate OCSLA jurisdiction and defendant's right to remove the case.

1035884v.1

**28 U.S.C. § 1331 Provides An Independent Alternative Basis For Removal.**

16.     This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.  See, e.g., Rodrigue v. Aetna Cas. & Surety Co.*, 395 U.S. 352 (1969) (recognizing the original federal jurisdiction exercised pursuant to OCSLA); *Texaco Exploration & Prod. v. AmClyde Engineered Products Co., Inc.*, 448 F.3d 760, 771 (5th Cir. 5/5/06) (same).  Claims arising under federal law such as OCSLA are removable pursuant to § 1331 without regard for the citizenship of the parties or the amount in controversy.  28 U.S.C. §§ 1331, 1441(b).

17.     This matter is therefore removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Eastern District of Louisiana has original subject matter jurisdiction under 28 U.S.C. § 1331 and 43 U.S.C. § 1349.

**28 U.S.C. § 1332 Provides A Further Independent Alternative Basis For Removal.**

18.     In addition, the matter is also removable under 28 U.S.C. §§ 1332 and 1441(b) in that it is a civil action in which plaintiff's claims involve an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.

19.     Plaintiff Darrell L. Reed alleges that he is a resident of the State of Louisiana, domiciled in Rapides Parish, Louisiana.

20.     Upon information and belief, Defendant BP, p.l.c., is a corporation organized under the laws of England and Wales with its principal place of business in England.

21.     Upon information and belief, Defendant BP America, Inc., is a Delaware corporation with its principal place of business in Texas.

1035884v.1

22.     Upon information and belief, Defendant BP Products North America, Inc., is a Maryland corporation with its principal place of business in Illinois.

23.     Upon information and belief, Defendant Halliburton Energy Services, Inc., is a Delaware corporation with its principal place of business in Texas.

24.     Defendant Cameron International Corporation is a Delaware corporation with its principal place of business in Texas.

25.     Upon information and belief, Weatherford International, Inc. is a Swiss corporation with its principal place of business in Texas.

26.     Upon information and belief, Anadarko Petroleum Corporation is a Delaware corporation with its principal place of business in Texas.

27.     Upon information and belief, MOEX Offshore - 2007 LLC is a Delaware corporation with its principal place of business in Texas.

28.     Plaintiff's Petition also names as defendant Art Catering, Inc., which is a Louisiana corporation.  The citizenship of Art Catering, however, should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) as it is not a proper party to this action.  Specifically, Art Catering has been fraudulently joined as a defendant solely for the purpose of defeating diversity jurisdiction herein.

29.     Plaintiff's Petition alleges Jones Act negligence by Art Catering in causing the Deepwater Horizon incident.  There is no possibility of recovery by the Plaintiff against Art Catering on this claim and there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against Art Catering under the Jones Act for negligence in causing the "fire, explosion and resulting oil spill" cited by Plaintiff as the cause of his injuries.  (Plaintiff's Petition, ¶¶ 14, 16-18.)  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en

1035884v.1

banc); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 68-70 (5th Cir. 2010); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 672-73 (5th Cir. 2007).

30.     Plaintiff's Petition also brings an unfounded maintenance and cure claim against Art Catering, notwithstanding that, Cameron avers on information and belief, that maintenance has been duly paid since the incident occurred and all outstanding medical claims have already been satisfied.  Accordingly, there is also no possibility of recovery by the Plaintiff against Art Catering on this claim and there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against Art Catering on his maintenance and cure claim. *See Smallwood*, 385 F.3d at 573; *Menendez*, 364 Fed. Appx. at 68-70; *Campbell*, 509 F.3d at 672-73.

31.     Accordingly, Art Catering is improperly joined because there is no reasonable possibility that the Plaintiff could recover from it for any of the claims alleged.

32.     Plaintiff includes no specific amount of damages, in conformity with Louisiana Code of Civil Procedure article 893, which does not permit a specific monetary amount of damages to be included in the allegations.  However, the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, as evidenced by Plaintiff's request for damages for his physical and mental injury, pain and suffering, mental anguish and distress and fright; past and future loss of earnings and loss of earning capacity; loss of enjoyment of life; grief, profound depression, anxiety and suffering; past and future medical and related expenses; punitive exemplary damages; as well as all other appropriate general and equitable relief.  Plaintiff's Petition, ¶ 24.

33.     In determining whether a complaint alleges damages sufficient to satisfy the jurisdictional prerequisites of 28 U.S.C. § 1332, the total value of all recoverable compensatory

1035884v.1

damages, punitive damages, and statutorily authorized damages, attorney fees, costs and fees are considered. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); 14A Wright & Miller, *Federal Practice and Procedure* § 3725.

34.     Based on Plaintiff's stated claims and requests for relief, it is clear that the amount in controversy in Plaintiff's Petition exceeds $75,000.00.

**Venue is Proper in this Court.**

35.     Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the District Court for the Eastern District of Louisiana is located in the district in which the State Court Action is pending.

**Effectuation Of Removal.**

36.     Cameron hereby removes this matter to the United States District Court for the Eastern District of Louisiana.

37.     By filing this Notice of Removal, Cameron expressly consents to the removal.  Moreover, Cameron certifies that it has obtained consent to the removal from all defendants served this matter, attached *in globo* as Exhibit B.[1]

38.     The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

39.     Cameron reserves the right to submit additional evidence in support of removal as appropriate in future circumstances.

---

[1] As of the filing of this Notice of Removal, BP, PLC, and Weatherford International Ltd. and/or Weatherford International, Inc., had not been served and therefore do not need to provide a consent to this removal.

1035884v.1

40.     By virtue of this Notice of Removal, Cameron does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, including contesting jurisdiction and service.

41.     Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.  Also, pursuant to 28 U.S.C. § 1446(d), Cameron is providing written notice of the filing of this Notice of Removal to all adverse parties.

1035884v.1

WHEREFORE, Cameron hereby removes this action to the United States District Court for the Eastern District of Louisiana.


Respectfully submitted,

David J. Beck, T.A.
  *dbeck@brsfirm.com*
Joe W. Redden, Jr.
  *jredden@brsfirm.com*
David W. Jones
  *djones@brsfirm.com*
Geoffrey Gannaway
  *ggannaway@brsfirm.com*
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010
Phone: (713) 951-3700
Fax: (713) 951-3720


Howard L. Murphy, 9844
  *hmurphy@dkslaw.com*
Bertrand M. Cass, Jr., 3984
  *bcass@dkslaw.com*
Francis J. Barry, Jr., 2830
  *fbarry@dkslaw.com*
Jonathan M. Walsh, 25922
  *jwalsh@dks.com*
Paul D. Hale, 30539
  *phale@dkslaw.com*
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, Louisiana 70130
Phone: 504-581-5141
Fax: 504-566-4039

1035884v.1

and

/s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
  *pwittmann@stonepigman.com*
Carmelite S. Bertaut, 3054
  *cbertaut@stonepigman.com*
Keith B. Hall, 24444
  *khall@stonepigman.com*
Jared Davidson, 32419
  *jdavidson@stonepigman.com*
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

*Attorneys for Cameron International Corporation*

## CERTIFICATE OF SERVICE

I certify that, on November 5, 2010, a copy of the foregoing Notice of Removal was served on all parties or counsel of record by placing a copy of same in the United States mail, postage paid and properly addressed.

/s/  Phillip A. Wittmann

1035884v.1